OPINION
This appeal comes to us from the Montgomery County Probate Court which allocated wrongful death settlement proceeds pursuant to R.C. 2125.03. Because we conclude that the trial court acted within its discretion when it fashioned its distribution order we affirm.
Ryan Straszheim was killed in an automobile accident on August 31, 1997. He is survived by his mother, Sheila Straszheim, his father Ron Straszheim, and a half sister, Alisha Straszheim.
Sheila Straszheim was appointed the administratrix of her son's estate and she then settled a wrongful death claim against Carl B. Trent and State Farm Insurance Company for policy limits in the amount of $50,000. Pursuant to R.C. 2125.03 the settlement proceeds were submitted to the probate court for allocation among the decedent's beneficiaries. Net proceeds of the settlement after payment of funeral and related expenses amounted to $41,245.76. The transcript of the hearing established that Sheila and Ron Straszheim were married sometime in late 1979 or 1980 and they were divorced after four years of marriage. (Tr. 2). Mrs. Straszheim was granted custody of Ryan and her former husband was granted the usual visitation privileges and ordered to pay $20 per week in child support.
Over the next twelve years, Ron Straszheim paid a total of seventy dollars in child support for his son. Mrs. Straszheim worked briefly after the divorce but became pregnant with Alisha. Over the next several years, Mrs. Straszheim received public assistance from Aid for Dependent Children (ADC). The court determined that Mr. Straszheim was in arrears in child support in the amount of $11,480. The probate court did not find persuasive Ron Straszheim's testimony that he didn't work because he didn't have a driver's license. (Tr. 16). The evidence established that the State of Ohio would be seeking reimbursement for the public assistance it had provided Mrs. Straszheim out of any money awarded to Mr. Straszheim.
At the conclusion of the hearing the trial court awarded $2500 to Alisha, $5000 to Ron Straszheim, and $33,745.76 to Sheila Straszheim. The court then stated on the record:
 THE COURT: Take 5,000 for father, 2,500 for sister. That's 7,500, and to give any more back would be simply going back to somebody else and wouldn't help for the support and the care that the mother had. Okay. And that's why it's this way. And you know, I'm not the smartest guy in the world. It's just the best I can do. Okay. I don't think anymore — it's not going to help either one of them, because then, they're going to pick it up.
 MR. ANZMAN: Well, Judge, they're going to pick up even more.
THE COURT: How? How?
 MR. ANZMAN: This money is going to go to the Prosecutor's Office.
THE COURT: What? The five?
MR. ANZMAN: Yes.
THE COURT: Where else are they going to pick up?
 MR. ANZMAN: I understand — well, if you've taken into account the arrearage and awarded that to her now, basically for all intents and purposes you've awarded it twice.
 THE COURT: No, I'm not giving her the arrearage. I'm giving her her loss as a mother, taking care of this kid, and I understand the father. He had visitation and so forth. He ought to have something. And, unfortunately, if it wasn't all going back I may have given a little bit more, but it's not going to do him any good or her any good or anybody to have the prosecutor pick it up. Did I miss something?
 MR. ANZMAN: Yeah, Judge, because I think they are going to pick it up?
THE COURT: Who? I'm not going to give it to him.
In a single assignment of error, appellant contends the probate court erred by improperly considering factors not contemplated by R.C. 2125.03(A)(1) in distributing the wrongful death proceeds.
In short, appellant contends the probate court should not have considered whether money awarded to him would be taken by the State of Ohio or the United States government for the benefits provided Mrs. Straszheim on behalf of Ryan.
R.C. 2125.03(A)(1) provides:
 The court that appointed the personal representative, except when all the beneficiaries are on an equal degree of consanguinity to the deceased person, shall adjust the share of each beneficiary in a manner that is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries. If all of the beneficiaries are on an equal degree of consanguinity to the deceased person, the beneficiaries may adjust the share of each beneficiary among themselves. If the beneficiaries do not adjust their shares among themselves, the court shall adjust the share of each beneficiary in the same manner as the court adjusts the shares of beneficiaries who are not on an equal degree of consanguinity to the deceased person. (Emphasis added).
The appellee argues that the probate court did not abuse its discretion because the award to her properly reflected the amount of time she spent raising her son, her emotional ties to her son and the lack of financial support contributed by appellant.
R.C. 2125.03 was intended to vest discretion in the probate court in apportioning distribution in accordance with established principles of equity, without regard to the statute of dissent and distribution, and without regard to any precise mathematical formulae. The principal standards to be considered by the court are the pecuniary injury suffered by the applicants and their age and condition. In re Estate of Cline (1964), 1 Ohio Misc. 28. The decision concerning distribution of the proceeds will not be reversed on review absent a showing of an abuse of discretion. Inre Estate of Marinelli (1994), 99 Ohio App.3d 372, 378. Abuse in this sense means arbitrariness or unreasonableness on the part of the court. The failure to pay support on behalf of the deceased child during the child's lifetime is a relevant factor to consider in awarding wrongful death proceeds to the surviving parent. In re Wrongful Death of Turner (November 25, 1998), Champ. App. No. 98-CA-2, unreported.
The distribution of $5000 to the appellant was well within the probate court's discretion. The court stated clearly that it had considered the time Mrs. Straszheim had spent raising her son and the consequent emotional loss suffered by her. We do not believe the court's remark that it might have given a little more to appellant "if it wasn't all going back" to be indicative that the court abused its discretion in making the award in this case. Appellant's abject failure to financially support his son during his lifetime provided an additional basis for the court awarding the smaller amount to appellant. The appellant's assignment of error is overruled.
The judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.